IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD MITCHELL, as Trustee of the
BSM Living Trust,

    Plaintiff,

v.

ROUTH CRABTREE OLSEN, P.S.,
EDWARD T. WEBER, and DOES 1-10,

    Defendants.

No. C 11-03577 JSW

**ORDER GRANTING IN PART AND DENYING AS MOOT IN PART MOTION TO DISMISS AND DENYING AS MOOT MOTION TO AMEND**

Now before the Court is the motion to dismiss filed by Defendants Routh Crabtree Olsen, P.S. and Edward T. Weber (collectively "Defendants") and the motion for leave to file the second amended complaint. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court GRANTS Defendants' motion to dismiss and DENIES as moot the motion to amend.[1]

**BACKGROUND**

The Court is familiar with the factual background of this matter from previous complaints and the related case filed and remanded. Plaintiff obtained a loan secured by a Deed of Trust on his property at 2132 Longview Way in San Leandro, California and subsequently stopped making payments. The property was then foreclosed upon and Plaintiff contests the validity of the foreclosure proceedings.

---

[1] The Court GRANTS Defendants' request for judicial notice pursuant to Federal Rule of Evidence 201 to the extent those documents are relied upon within.

In this matter, Plaintiff alleges that Defendants, a law firm and an individual attorney, violated his civil rights in their processing of the foreclosure and, in conjunction with Alameda County, their processing of a writ of possession on the property. Plaintiff alleges that Defendants thereby violated his rights under 42 U.S.C. § 1983 ("Section 1983"), and under similar facts, for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1962 *et seq.* Plaintiff also makes various state law claims for negligence, fraud and deceit, and to set aside the sale.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

2

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.     Motion to Dismiss.**

      **1.     The Section 1983 Claim is Dismissed.**

Plaintiff alleges that Defendants violated his civil rights under Section 1983. Section 1983 of Title 42 of the United States Code states, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the mechanism to state a claim for violation of the Constitution, a plaintiff must allege two elements: (1) that a right secured by the Constitution or the laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to allege that Defendants acted under color of state law or conspired with the Alameda County Sheriff's Department by obtaining a writ of possession. The Court finds that the allegations, merely utilizing the services of the Sheriff's Department to serve a legal documents, cannot be held to be acting under color of state law. *See Sable Communication v. Pacific Telephone & Telegraph Co.*, 890 F.2d 184, 189 (1989).

Because Plaintiff has not, and based on the allegations proffered in the second amended complaint could not, state a viable claim under Section 1983, this federal claim is dismissed with prejudice.

### 2. Civil RICO Claims Are Dismissed.

It is a violation of 18 U.S.C. § 1962(c) "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...." Thus, in order to state a civil RICO claim, Defendant must allege the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to a party's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005) (internal citations omitted). An "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Racketeering activity is any act indictable under any of the statutory provisions listed in 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires the commission of at least two such acts within a ten-year period. 18 U.S.C. § 1961(5).

The party claiming RICO violation only has standing to make such a claim for treble damages by virtue of having been injured in his business or property. *See* 18 U.S.C. § 1964(c). To demonstrate RICO standing, a party must allege that it suffered an injury to its "business or property" as a proximate result of the alleged racketeering activity. *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268 (1992). In other words, RICO standing requires compensable injury and proximate cause. *Newcal Industries, Inc. v. Ikon Office Solution,* 513 F.3d 1038, 1055 (9th Cir. 2008). Although a plaintiff need not plead "racketeering injury," he or she must demonstrate that *his or her* business or property was injured *by reason of* the alleged RICO violation. In other words, a plaintiff must allege that their injury was proximately caused by a RICO violation. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002).

The Court finds even the proposed Second Amended Complaint to be bereft of facts necessary to demonstrate a RICO violation. Although Plaintiff uses the proper words in an effort to create such a conspiracy, the Court finds that the allegations are merely conclusory legal allegations and are inherently implausible. *See Twombly*, 550 U.S. at 570. After Plaintiff's multiple opportunities to amend his complaint, it is apparent to the Court that it

4

would be futile to grant Plaintiff leave to amend this claim. Although this Court recognizes that motion to dismiss should not be granted without leave unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim, the Court finds that this is such a case. *See Forman v. Davis*, 371 U.S. 178, 230 (1962). After having given Plaintiff multiple opportunities to state any pertinent federal claims in these related actions, the Court again finds that the basis of the suit is the underlying unlawful detainer action which is properly adjudicated against all parties in the state court forum in a coordinated proceeding.

### 3. The Court Declines to Exercise Supplemental Jurisdiction.

The Court's jurisdiction over this action, just as the prior related action, is based solely on the existence of a federal question, and the remaining claims arise solely under state law. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims should be dismissed as well") (footnote omitted), *superseded by statute*, 28 U.S.C. § 1367.

The United States Supreme Court has explained that "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726 (footnote omitted). In this case, it would be equally convenient for the parties to try the remaining claims in state court. Further, the Court has expended few resources in supervising

5

this case. *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case.

Accordingly, Defendants' motion to dismiss the state claims and the Plaintiff's motion to amend the complaint are DENIED AS MOOT and without prejudice to renewing the arguments raised therein in state court.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the federal claims is GRANTED and, as the Court declines to exercise supplemental jurisdiction over the remaining claims, the motion to dismiss as to the state claims and the motion for leave to file the motion to file the second amended complaint are DENIED AS MOOT. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 9, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE